UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUART CABLE,<br><br>v.<br><br>IN RE: PUBLIC OFFERING PLE ANTITRUST LITIGATION | Civil Action No. 05 10747 WGY |

## MOTION FOR AN EVIDENTIARY HEARING

The plaintiffs in the underlying case pending in the Southern District of New York ("Plaintiffs") hereby request that the Court convert the hearing scheduled for December 14, 2005 into an evidentiary hearing for the purpose of permitting their counsel to question Mr. Cable on the matters highlighted by the First Circuit's opinion reported at 427 F.3d 49 (1st Cir. 2005). The history of this litigation appears in that decision.

As grounds for this Motion, Plaintiffs state as follows:

1.  This application premises itself upon practicality. Absent an evidentiary hearing, the examination of Mr. Cable predictably will elicit numerous privilege assertions. That will in turn cause the parties to return to the Court, the Court will again be obliged to rule, and in all likelihood the deposition of Mr. Cable will then continue yet again. This application aims to condense multiple brief, motion, hearing, decisional, and deposition schedules to one episode.

2.  The principal bases for Mr. Cable's effort to quash the subpoena at issue are that Plaintiffs will ask undiscoverable questions involving his "expert" opinions or matter subject to the attorney-client privilege. 427 F.3d at 50. The First Circuit acknowledged that

"quashing a subpoena *ad testificandum* is very rare because until the witness is asked specific questions, usually there is nothing on which to base a motion to quash", *id.* at 53, *citing* 9 James Wm. Moore et al., *Moore's Federal Practice*, §45.04[3][a] (3d ed. 2005). Consistently, the First Circuit directed consideration of, *inter alia*, whether (1) Mr. Cable was an expert witness; (2) Mr. Cable had testimony relevant to proving a conspiracy; (3) the matters covered would be privileged; and (4) the discovery requested from Mr. Cable constituted an undue burden. *Id.*, at 52-53. Whether deposition questions will entail privilege is situational and depends on the framing and context of the question. *Id.* at 53, *citing Moore's Federal Practice, supra.* An evidentiary hearing permits the Court, or a magistrate designee, to resolve whether any questions violate the privilege or seek Mr. Cable's expert opinions.[1] An evidentiary hearing is the most efficient, if not the only, way to evaluate and resolve the objections that one may expect Mr. Cable to interpose.

3. An evidentiary hearing in which the content of the questions to Mr. Cable is examined also will provide and really is necessary for this Court to have an adequate record upon which it could make an informed decision. Absent witness evasion or the impression of frivolous objections, the hearing or any deposition permitted by the Court should not exceed a half day.

---

[1] Alternatively, this Court could order that the deposition take place in a room at the courthouse, under the Court's supervision, so that the Court could quickly resolve any disputes.

WHEREFORE, Plaintiffs request that this Court order that an evidentiary hearing take place at the date and time previously scheduled for a hearing on this matter.

Respectfully submitted,

JEFFREY A. WEINMAN, as Trustee for WESTERN PACIFIC AIRLINES and EQUALNET COMMUNICATIONS CORPORATION

By their attorneys,


_____/S/_____
Andrew C. Griesinger (BBO #211285)
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA  02110-2214
Tel: (617) 542 - 9900

Roger W. Kirby, Esq.
David Kovel, Esq.
**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, NY  10022
Tel: (212) 371-6600

Dated:  November 22, 2005

## Certificate Of Compliance With Local Rule 7.1

I, David Kovel, hereby certify that I twice attempted to speak with Mr. Stephen Townsend of Goodwin Procter LLP to see whether the issue raised in this motion could be resolved consensually. Mr. Townsend did not respond to my telephonic overture. On November 4, 2005, I sent Mr. Townsend an e-mail stating that, unless I hear otherwise, I will assume that Mr. Townsend does not consent to the relief requested herein. I have not received a response to the contrary from Mr. Townsend.

_____/S/_____
David Kovel