UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____     MBD No. 05-10747

IN RE: PUBLIC OFFERING PLE                Case pending in District Court
ANTITRUST LITIGATION                      for the Southern District of New York
_____       00-CV-7804 (LMM)

# **STUART CABLE'S MOTION FOR RECONSIDERATION**

Stuart Cable, an attorney whose professional corporation is a partner in the Boston office of the law firm, Goodwin | Procter LLP, submits this Motion for Reconsideration[1] of the Court's granting of Movants'[2] Motion for an Evidentiary Hearing.

Movants appear to assume that the First Circuit's ruling has entitled them to obtain Mr. Cable's testimony. They seek to conduct that examination in open court to permit this Court (or a Magistrate Judge) to rule on what movants expect will be various privilege objections.

Movants misread the First Circuit's decision. This Court allowed Mr. Cable's motion to quash the subpoena that movants served upon Mr. Cable. Movants appealed and the First Circuit did not rule that the order quashing the subpoena was erroneous. The court of appeals emphasized the broad discretion that this Court enjoys in ruling on such motions and articulated a range of rationales that could justify quashing movants' subpoena. However, the court could not discern on which, if any, of those rationales this Court relied, and remanded "to allow the

---

[1] Mr. Cable presents these arguments by a motion for reconsideration because, while he planned to file an opposition to the Motion for an Evidentiary Hearing, the motion was granted before the time for filing an opposition had elapsed and before Mr. Cable's counsel had completed drafting the opposition.

[2] The moving parties are plaintiffs in antitrust litigation pending in the Southern District of New York. The case arises out of movants' efforts to subpoena the tesimony of Mr. Cable in that antitrust case.

district court to consider the issues we have identified and set forth its conclusions." *Weinman v. Cable,* 2005 U.S. App. LEXIS 22529, at *12 (1st Cir. Oct. 20, 2005). The purpose of the December 16 hearing is plainly to permit this Court to hear argument from the parties on those issues as part of its consideration. The First Circuit left this Court free to enter the identical order so long as it explains its reasons for so ruling.

This Court need not hear Mr. Cable's testimony in order to decide whether to permit movants to obtain that testimony. The first issue addressed by the court of appeals is whether movants are seeking expert testimony in violation of Fed. R. Civ. P. 45(c)(3)(B)(ii). *Id.* at *8. There is no dispute that Mr. Cable has had nothing to do with the movants' IPOs and based the statements he made in the *IPO Journal* on his quarter century of experience in IPOs, precisely the kind of statement that litigants hire similarly experienced experts to give.[3]

The second issue is the "threshold of relevance" of Mr. Cable's testimony. *Id.* at *9. This is a question of law for which Mr. Cable's testimony is itself irrelevant.

The third issue is the likelihood that the testimony that plaintiffs seek implicates the attorney-client privilege. That, of course, would depend upon the questions posed, i.e. whether the question seeks the disclosure of a communication between Mr. Cable and his client. But the legal ground rules are reasonably clear and Mr. Cable's testimony is not needed to establish them.

---

[3] Movants have moved for summary judgment of liability in the underlying antitrust action. They cited Mr. Cable's *IPO Journal* article in support of the proposition that "[b]y uniformity of practice, refusal to negotiate, and presentations that presume 7%, defendants have strived to and do create the impression that it would be futile to negotiate the 7% [underwriting] fee." Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment on Liability at 22, filed in *In re Issuer Plaintiff Initial Public Offering Antitrust Litigation,* 00 Civ. 7894 (LMM) (DFE) (S.D.N.Y.). If movants seek Mr. Cable's testimony merely to show that practitioners have the impression that underwriting fees are fixed, then the article itself may be admissible for that purpose since it would not be offered for the truth of Mr. Cable's statement but for the inference that Mr. Cable, an experienced practitioner, perceived that it was true. Since movants themselves cited the article in support of their summary judgment motion, they apparently share this view.

Fourth, the court of appeals suggested that this Court consider the possibility that the testimony that movants seek will be cumulative. That is mainly a function of the other evidence that movants have.

Finally, this Court is to consider the question whether the deposition would place an undue burderun on Mr. Cable. Here, again, Mr. Cable's testimony is unnecessary to consider this issue.

Movants have demonstrated no need for such a hearing in order to achieve the purposes of the court of appeals' remand. Their request is transparently a device to obtain the deposition testimony they seek under the guise of persuading the Court to deny Mr. Cable's motion to quash. This is not only an abuse of the Court's process, but also plainly unfair to the other parties in the underlying litigation. Those parties are unlikely to appear at the December 16 hearing and will therefore be unlikely to have a chance to cross-examine Mr. Cable if movants seek to introduce his testimony at the hearing in the underlying antitrust case.

Moreover, even if this Court were inclined to permit movants to depose Mr. Cable, they have made no showing that court supervision of such a deposition is required. Movants "predict" that Mr. Cable will make "numerous privilege assertions" and imply that such assertions will be numerous and frivolous enough to warrant repeated motion practice to discipline Mr. Cable and his counsel. That suggestion is entirely unjustified and, frankly, offensive.

**Conclusion**

For the foregoing reasons, Mr. Cable respectfully requests that the Motion for Evidentiary Hearing be denied.

Dated: November 29, 2005  Respectfully submitted,

/s/Henry C. Dinger_____
Henry C. Dinger (BBO #125340)
Christopher T. Holding (BBO #600627)
Stephen H. Townsend (BBO #637714)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617-570-1897

Attorneys for Stuart Cable

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I, Stephen H. Townsend, hereby certify pursuant to Local Rule 7.1(A)(2) that I conferred in good faith via telephone with David E. Kovel, Esquire, counsel for Plaintiffs, in an attempt to resolve or narrow the issues presented in this Motion for Reconsideration. The parties were unable to reach any agreement on the issues raised herein.

/s/Stephen H. Townsend_____
Stephen H. Townsend