UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| STUART CABLE,<br>v.<br><br>IN RE:  PUBLIC OFFERING PLE ANTITRUST LITIGATION | Civil Action No. 05 10747 WGY |
|---|---|

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
## THE MOTION FOR RECONSIDERATION

The motion for the evidentiary hearing premises itself upon the practical reality that an evidentiary hearing represents the most efficient way to resolve the record driven reconsideration of whether Mr. Cable is entitled to avoid discovery.  Nothing in the motion for reconsideration disturbs that conclusion, and if anything, it confirms it.  The First Circuit set out a series of inquiries whose answers would provide a record sufficient to decide whether or not Mr. Cable can avoid discovery, so we begin there.

1. The first of the Circuit inquiries is whether or not plaintiffs seek "unretained expert testimony" or facts underlying Mr. Cable's voluntarily published statements.  427 F.3d at 52.  Actual questions are necessary to solve this issue.

2. The decision also makes clear that *actual* factual inquiry is necessary to answer whether "the information sought is of the nature described by FRCP 45(c)(3)(B)(ii), i.e., does it result from Cable's 'study made not at the request of any party'"?

3. The Circuit Court requires record development to know "how likely is it that Cable's testimony could survive claims of privilege"?  427 F.3d at 52.  Mr. Cable

himself acknowledges the question "of course would depend upon the questions posed". (Recon. at p.2)

4. Next, the First Circuit wants record evidence of whether Mr. Cable's testimony evidence "would be calculated to produce non-cumulative evidence pointing to a traditional conspiracy". 427 F.3d at 52. Again, it is impossible to do this work without hearing from Mr. Cable under oath.

5. Finally, the Court asks consideration of whether or not asking questions of Mr. Cable imposes an undue burden on him. 427 F.3d at 53. In so doing, the First Circuit implies strongly that it would not: Mr. Cable's "participation in the production of the IPO journal article highlighted his breath of experience representing both sides in IPO; his extensive work in the field enabled him to make unqualified assertions concerning the lack of any meaningful negotiation in arriving at underwriting fees. [Mr. Cable] admits that his information is 'not wholly irrelevant to plaintiff's claim'". 427 F.3d at 53. The interlinear read is that the First Circuit recognizes that, having publicly, widely and repeatedly stated that in his actual expertise, as a matter of fact the practice that undergirds the conspiracy complained of exists, questions directed to these essential facts are not an undue burden within the meaning of any federal rule.

6. The remainder of what Mr. Cable offers has no bearing on any pertinent consideration. Assertions that plaintiffs' request represents a device to obtain the deposition of Mr. Cable, even if entirely true, would not disturb the need to satisfy the First Circuit's mandate for a record. The claim that it is unfair to the other parties in the

underlying litigation to attend any evidentiary hearing is both speculation and fantasy. Depositions have been noticed throughout the country, and taken as near to Boston as Providence, Rhode Island, without claim of hardship, and defendants themselves, having as many as 50 named lawyers on papers, have been able to designate less than their entire number to attend out of town depositions, and even some in New York. Regardless, their inconvenience is not before the Court.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration should be denied.

Respectfully submitted,

\_\_\_\_/S/ Andrew C. Griesinger\_\_\_\_
Andrew C. Griesinger (BBO 211285)
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA   02110-2214
Tel: (617) 542 - 9900


Roger W. Kirby, Esq.
David Kovel, Esq.
**KIRBY McINERNEY & SQUIRE, LLP**
 830 Third Avenue
New York, NY 10022
Tel: (212) 371-6600

Dated:   November 29, 2005